UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                       Case No. 8:05-CR-365-T-27TBM

SERGIO PORTOCARRERO-REINA; et al.

_____/

## ORDER

**BEFORE THE COURT** is Defendant Ulpiano Mina's Amended Motion to Sever (Dkt. 164), the Government's opposition (Dkt. 167), the Government's supplemental response in opposition (Dkt. 182) and the Government's second supplemental response (Dkt. 206). Upon consideration, and the Court having heard argument, Defendant's Amended Motion to Sever (Dkt. 164) is **DENIED**.

The Government intends to introduce certain incriminating statements attributed to several co-defendants by government informants. Defendant complains that the incriminating statements attributed to co-defendants Portocarrero-Reina and Caicedo would, if introduced, deprive Defendant of his right to confrontation under the Sixth Amendment, if the Defendants to whom incriminating statements are attributed do not testify. *See Bruton v. United States*, 391 U.S. 123 (1968). In response, the Government has filed proposed redacted versions of the statements, substituting singular pronouns for plural pronouns, arguing that the redacted versions remedy any *Bruton* issues (Dkt. 270). Most recently, the Government has noticed Defendants that there are not only several statements attributed to Portocarrero-Reina and Caicedo but also statements attributed to co-

defendants Mina, Murillo-Cuero and Anchico-Jimenez. (Dkt. 270). According to the Government, all of the statements were made to fellow jail detainees.

In response to Defendant's Amended Motion to Sever, the Government has proposed redacted versions of the statements (Dkts. 241, 270). The Government proposes to redact the statements by substituting singular pronouns for plural pronouns, thereby removing any inference or reference to the co-defendants. With one exception, the Government's proposed redactions substitute singular pronouns for plural pronouns, intended to eliminate any reference to the co-defendants.[1] The proposed redactions are consistent with the redaction procedure approved in *United States v. Mendoza-Cecelia*, 963 F.2d 1467 (11th Cir. 1992), *cert. denied*, 506 U.S. 964 (1992), *abrogated on other grounds, Coleman v. Singletary*, 30 F.3d 1420 (11th Cir. 1994).

Defendant Mina contends generally that the redactions do not cure the *Bruton* violation. (Dkts. 253, 255). Moreover, Portocarrero-Reina objects that by virtue of the redactions, he will be deprived of his right to cross-examine the individual(s) who attribute statements to him. (Dkt. 255). He essentially contends that the redactions distort the true meaning and context of the statements attributed to him, although he denies ever having made the statements (P. 11).[2]

---

[1] In his alleged statement, Portocarrero-Reina does identify "Virgilio" (Caicedo) as having ordered that the cable be cut, (Dkt. 270, p.3) and "Benito" as being on watch. The Government does not intend to offer that portion of Portocarrero-Reina's statement identifying "Benito" and has proposed a redaction eliminating the express reference to "Virgilio." (Dkt. 270, p. 4)

[2] Portocarrero-Reina raises a legitimate concern over redactions involving oral statements which arguably change the substance of an incriminating statement. That concern was recognized by the majority in *Bruton*. 391 U.S. at 134, n. 10. While a redaction which distorts an incriminating statement would arguably infringe on a defendant's fundamental right to a fair trial, this Court cannot conclude that the proposed redactions here violate any of Portocarrero-Reina's constitutional rights, particularly his right to confront and cross examine the individual(s) who attribute the statements to him.. The proposed redacted versions of his statements are no more incriminating than his un-redacted statements. Moreover, he contends that he never even made the statements, not that he referenced his crew by using plural pronouns.

*Mendoza-Cecelia*, a case also involving several individuals apprehended while onboard a vessel allegedly transporting narcotics, approved the substitution of a redacted confession which substituted singular pronouns for plural pronouns in the confessions. After redaction, the confessions read as first person narratives which "did not describe the involvement of the crew in the smuggling operation." 963 F.2d at 1481. Here, like *Mendoza-Cecelia*, the proposed redacted versions of the co-defendants' incriminating statements do not expressly implicate any of the other crew members onboard the Rio-Mar and reads essentially like a first person narrative. The redacted versions do not therefore violate *Bruton* because they do not compel a "direct implication of the complaining defendant." *Id.* At most, these statements only indirectly implicate the other crew members in the towing of the submersible. They do not directly or indirectly implicate the co-defendants in the *knowing* possession of the cocaine which was ultimately found on the submersible.

The statements attribute knowledge of the cocaine only to the individuals who allegedly made the statements. The critical issues in this case will be possession and knowledge. As Portocarrero-Reina was the captain of the Rio-Mar and Caicedo professes in his statement to have been responsible for the cocaine, their respective incriminating statements do not inculpate any of the crew members as to knowledge. Their respective statements are not facially incriminating as to the crew members and would become so only if linked to other evidence in the case. With a proper cautionary instruction to the jury, no *Bruton* error will occur if these redacted statements are admitted.

To the extent Defendant complains that introduction of the statements will violate his Sixth Amendment rights under *Crawford v. Washington*, 541 U.S. 36 (2004), Defendant's contention is misplaced. Here, the statements attributed to Portocarrero-Reina and Caicedo are nothing more than

casual remarks made to an acquaintance or government informant. *Crawford* does not apply either to "casual remark[s] made to an acquaintance" or statements made unwittingly to a government informant, as those statements are not "testimonial". *Crawford,* 542 U.S. at 51, 58; *See United States v. Hendricks,* 395 F.3d 173, 181 (3d. Cir. 2005).

**DONE AND ORDERED** in chambers this 11th day of July, 2006.

*[signature]*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record